NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHN WAYS, | |
| Petitioner | Civ. No. 22-5439 (RMB) |
| v. | **OPINION** |
| WARDEN STEVIE M. KNIGHT, et al., | |
| Respondents | |

RENÉE MARIE BUMB, CHIEF UNITED STATES DISTRICT JUDGE

    Petitioner John Ways, a prisoner incarcerated in the Federal Correctional Facility in Fort Dix, New Jersey, filed a petition under the All Writs Act, 28 U.S.C. 1651, seeking vacation of his conviction and sentence in *United States v. Ways*, 8:12CR000391 (D. Neb.)[1] and release from prison. (Pet., Docket No. 1.) Petitioner subsequently filed a motion to supplement his petition. (Mot., Docket No. 2.) The Court will grant the motion to supplement, and now addresses the Supplemented Petition. (Docket Nos. 1, 2.)

    This matter is before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the

---

[1] Available at www.pacer.gov.

[2] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECT 2254 Rule 4. The Court will dismiss the petition without prejudice for lack of jurisdiction.

## I.   THE SUPPLEMENTED PETITION

Petitioner submits that he was unlawfully sentenced on Count III of the Superseding Indictment[3] in *United States v. Ways*, 8:12CR000391 (D. Neb.) because Count III was dismissed as a matter of law. (Pet., Docket No. 1 at 4.) Petitioner further challenges the order of forfeiture against Defendant Nkosi, Inc. because the corporation was dissolved before it was named as a defendant. (*Id.*)

This Court takes judicial notice of the docket in *United States v. Ways*, 8:12CR000391 (D. Neb.) On March 30, 2015, judgment was entered against Petitioner in the United States District Court, District of Nebraska ("District Court"), after he was found guilty by a jury of all Counts in the Superseding Indictment, conspiracy to sell drug paraphanelia, conspiracy to distribute Schedule I controlled substances, conspiracy to commit money laundering, and being a felon in possession of ammunition, (*Id.*, Crim. ECF No. 623); *United States v. Ways*, 832 F.3d 887, 890 (8th Cir. 2016). Petitioner was sentenced to a 180-month total term of imprisonment, with a 3-year term of supervised release. (*Id.*) Petitioner appealed to the Eighth Circuit Court of Appeals. (*Id.*, Crim. ECF No. 628.) The Eighth Circuit

---

[3] Count III of the Superseding Indictment alleges laundering of monetary instruments in violation of 18 U.S.C. § 1956.   (Crim. ECF No. 155.)

reversed Petitioner's conviction for felon in possession of ammunition (Count IV) but otherwise affirmed the District Court. (*Id.*, Crim. ECF Nos. 707, 711.) The District Court entered an Amended Judgment after the appeal (*Id.*, Crim. ECF No. 716), and entered a Second Amended Judgment on July 9, 2021. (*Id.*, Crim. ECF No. 960.) The U.S. Supreme Court denied Petitioner's petition for writ of certiorari. (*Id.*, Crim. ECF No. 725). On or about January 12, 2018, Petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (*Id.*, ECF No. 755). The motion remains pending.

## II.  ANALYSIS

28 U.S.C. § 1651 provides:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
>
> (b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

The All Writs Act does not apply to Petitioner's challenges to his conviction and sentence in *United States v. Ways*, 8:12CR000391 (D. Neb.), because the more specific statute, 28 U.S.C. § 2255, is controlling. *See Jenkins v. United States*, 450 F. App'x 103, 105 (3d Cir. 2011) (*quoting Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) ("Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.") Petitioner's § 2255 motion is pending. Therefore, he must seek permission to amend his § 2255 motion in the

sentencing court, or seek permission with the Eighth Circuit Court of Appeals under 28 U.S.C. § 2255(h) to file a second or successive § 2255 motion if he does not obtain relief in his first motion.

## IV. CONCLUSION

For the reasons discussed above, the Court will dismiss the petition under the All Writs Act, 28 U.S.C. § 1651, for lack of jurisdiction.

An appropriate order follows.

**Dated:** <u>February 7, 2023</u>

                                                  <u>s/Renée Marie Bumb</u>
                                                  **RENÉE MARIE BUMB**
                                                  **Chief United States District Judge**